

# Darlington County
# Fourth Judicial Circuit
# Public Index



Darlington County Home Page  South Carolina Judicial Department Home Page  SC.GOV Home Page

Switch View

## Summer Mixon VS Caresouth Carolina Inc

| Case Number: | 2021CP1600887 | Court Agency: | Common Pleas | Filed Date: | 11/09/2021 |
|---|---|---|---|---|---|
| Case Type: | Common Pleas | Case Sub Type: | Special-Comp/Oth 699 | File Type: | Mediator - Jury |
| Status: | Pending/ADR | Assigned Judge: | Clerk Of Court C P, G S, And Family Court | | |
| Disposition: | | Disposition Date: | | Disposition Judge: | |
| Original Source Doc: | | Original Case #: | | | |
| Judgment Number: | | Court Roster: | | | |

Case Parties   Judgments   Tax Map Information   Associated Cases   Actions   Financials

| Name | Description | Type | Motion Roster | Begin Date | Completion Date | Documents |
|---|---|---|---|---|---|---|
| Mixon, Summer | ADR/Alternative Dispute Resolution (Workflow) | Action | | 06/07/2022-12:14 | | |
| Mixon, Summer | NEF(01-25-2022 04:04:24 PM) Proposed Order/Entry of Defa... | Filing | | 01/26/2022-09:14 | | 🖹 |
| Mixon, Summer | Order/Order Cover Sheet $25.00 | Filing | | 01/25/2022-16:04 | | |
| Mixon, Summer | Notice to State and Certificate of Service | Filing | | 01/20/2022-11:41 | | 🖹 |
| Mixon, Summer | NEF(01-06-2022 09:40:49 AM) Affidavit/Attorney | Filing | | 01/06/2022-14:29 | | 🖹 |
| Mixon, Summer | Affidavit/Attorney | Filing | | 01/06/2022-09:40 | | 🖹 |
| Mixon, Summer | Motion/Default Judgment | Motion | | 01/06/2022-09:40 | | 🖹🖹 |
| Mixon, Summer | NEF(11-30-2021 01:04:28 PM) Service/Certificate Of Servi... | Filing | | 11/30/2021-13:59 | | 🖹 |
| Mixon, Summer | Service/Certificate Of Service | Filing | | 11/30/2021-13:04 | | 🖹 |
| Mixon, Summer | Summons & Complaint | Filing | | 11/09/2021-12:14 | | 🖹 |

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOR THE FOURTH JUDICIAL CIRCUIT |
| COUNTY OF DARLINGTON | ) | Case No. 2021- |
| | ) | |
| SUMMER MIXON, individually, and on behalf of all others similarly situated, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | **SUMMONS** |
| vs. | ) | **(Jury Trial Demanded)** |
| | ) | |
| CARESOUTH CAROLINA, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**TO:**     **THE DEFENDANT ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED** and required to Answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the Plaintiff or her attorneys, Blake G. Abbott, Eric M. Poulin, and Roy T. Willey, IV, Paul Doolittle, at their offices at 32 Ann Street, Charleston, South Carolina, 29403, within (30) days after the service hereof, exclusive of the day of such service and if you fail to Answer the Complaint within the time aforesaid, Plaintiff will apply to the court for the relief demanded in the Complaint.

Dated at Charleston, South Carolina on the 9th day of November, 2021.

**ANASTOPOULO LAW FIRM, LLC**
*/s/ Blake G. Abbott*
Blake G. Abbott, Esquire
S.C. Bar No.: 104423
Eric M. Poulin, Esquire
S.C. Bar No.: 100209
Roy T. Willey, IV, Esquire
S.C. Bar No.: 101010
Paul Doolittle, Esquire
S.C. Bar No.: 66490
32 Ann Street
Charleston, South Carolina 29403

(843) 614-8888 (phone)
(843) 494-5536 (fax)

Email: blake@akimlawfirm.com
        eric@akimlawfirm.com
        roy@akimlawfirm.com
        pauld@akimlawfirm.com

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOR THE FOURTH JUDICIAL CIRCUIT |
| COUNTY OF DARLINGTON | ) | Case No. 2021- |
| | ) | |
| SUMMER MIXON, individually, and on behalf of all others similarly situated, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **CLASS ACTION COMPLAINT** |
| | ) | **(Jury Trial Demanded)** |
| CARESOUTH CAROLINA, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff, Summer Mixon ("Plaintiff"), by and through undersigned counsel, brings this action against CareSouth Carolina, Inc ("Defendant" or "CareSouth") on behalf of herself and all others similarly situated, and make the following allegations based upon information, attorney investigation and upon Plaintiff's own knowledge:

## PRELIMINARY STATEMENT

1.  Plaintiff brings this case against Defendant for its failure to properly secure and safeguard personal identifiable information and protected health information Defendant acquired from or created for its patients.

2.  Defendant required this information from its patients or created this information for its patients as a condition or result of medical treatment, including without limitation, names, addresses, dates of birth, Social Security numbers, driver's license/state ID numbers, passport numbers, credit/debit card information, financial account information, (collectively, "personal identifiable information" or "PII"), and health insurance information. (collectively "personal health information" or "PHI") of the Plaintiff and potential Class Members. Plaintiff also alleges Defendant failed to provide timely, accurate, and adequate notice to Plaintiff, and members of the Proposed

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

Class, that their PII and PHI had been lost and precisely what types of information was unencrypted and in the possession of unknown third parties.

## PARTIES

3.  Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

4.  Defendant is a corporation organized under the laws of South Carolina with its principal place of business in Darlington County, South Carolina.

5.  CareSouth operates as a community health center providing medical services to patients.

6.  Plaintiff Summer Mixon (herein referred to as "Plaintiff") is a citizen and resident of Darlington County, State of South Carolina and received a notice letter from Defendant, dated May 17, 2021, or on about that date.

7.  Plaintiff Summer Mixon was a patient at CareSouth at the time of the Data Breach.

## JURISDICTION AND VENUE

8.  Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

9.  This Court has jurisdiction over the action because, upon information and belief, greater than two-thirds of the members of the proposed class, in the aggregate, are citizens of South Carolina.

10. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in this county, regularly and systematically transacts business in this county, and the wrong conduct complained of in this complaint occurred in this county.

11. Venue is proper in this county because Defendant has its principal place of business in this county and a substantial part of the events or omissions giving rise to this complaint occurred in this county.

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

## FACTUAL BACKGROUND

12. A breach of security of data is defined under South Carolina Code § 39-1-90(D)(1) as:

> [The] unauthorized access to and acquisition of computerized data that was not rendered unusable through encryption, redaction, or other methods that compromises the security, confidentiality, or integrity of personal identifying information maintained by the person, when illegal use of the information has occurred or is reasonably likely to occur or use of the information creates a material risk of harm to a resident. Good faith acquisition of personal identifying information by an employee or agent of the person for the purposes of its business is not a breach of the security of the system if the personal identifying information is not used or subject to further unauthorized disclosure.

13. CareSouth has its patient's data and personal information stored by NetGain Technology, Inc. ("NetGain").

14. That on December 1, 2020, NetGain began investigating an IT security incident.

15. That on December 3, 2020, an unlawful cyberattack was made against some of the Defendant's servers which contained sensitive and confidential information linked to the Plaintiff (the "Data Breach").

16. On May 17, 2021, the Defendant sent out a letter titled "Notice of Data Breach" ("the Letter") to all potentially ill-affected patients, informing them of the December 3rd Data Breach.

17. Following the discovery of the Data Breach, CareSouth began work with cybersecurity experts to investigate the Data Breach. Based on this investigation, the cybercriminals conducting the Data Breach were able to obtain personal and medical information which was unencrypted and unprotected by the Defendant.

18. That Plaintiff's unencrypted personal information was acquired by an unauthorized cybercriminal(s) as a result of the Data Breach.

19. That Plaintiff's personal and confidential information was viewed by unauthorized

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

person(s) due to the Data Breach.

20. Upon information and belief, the unauthorized cybercriminals intended to misuse the information gathered and illegally market or sell the Plaintiff's and Class member's information.

21. In fact, due to CareSouth's negligence, nefarious actors attempted to open accounts in the Plaintiff's name and thus damaging her reputation and credit worthiness as can be seen in the excerpt below:



22. That despite the high potential for fraud and/or identity theft for the Plaintiff and potential

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

Class Members, the Defendant elected not to inform the Plaintiff or potential Class members of the Data Breach for six (6) months.

23. The Defendant has done virtually nothing to protect the Plaintiff or potential Class Members since the discovery of the Data Breach. Per the Letter, the only things the Defendant has done are as follows:

    a.    Required employees to change passwords;

    b.    Implemented additional security software for their networks;

    c.    Reported the Data Breach to the federal government; and

    d.    Offered a twelve (12) month identity theft protection service through IDX.

24. In response to the Data Breach, NetGain paid the cybercriminals "a significant amount to the attacker in exchange for promises that the attacker will delete all copies of the data and that it will not publish, sell, or otherwise share the data."

25. None of the above responses by the Defendant or NetGain are adequate to make the Plaintiff whole. It can be assumed the promises made by the attackers are at best hollow promises that will likely not be kept. "FBI does not support paying a ransom in response to a ransomware attack. Paying a ransom doesn't guarantee you or your organization will get any data back. It also encourages perpetrators to target more victims and offers an incentive for others to get involved in this type of illegal activity." As such, the risk of fraud or identity theft for the Plaintiff or potential Class Members is not reduced.[1]

26. Paying the cybercriminals who conducted this attack in exchange for the hollow promises to delete the stolen information will likely only encourage the same behavior to occur again.[2]

---

[1] SCAMS AND SAFETY: Ransomware (last accessed on August 9, 2021) https://www.fbi.gov/scams-and-safety/common-scams-and-crimes/ransomware
[2] *Id.*

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

27. Moreover, the payment did not ameliorate the damage to the Plaintiff in any way, as the security of her identity was already compromised as can be seen in the below excerpt:



28. The Defendant had a duty, created via HIPAA, industry standards, common law, state statutory law, and their own promises to safeguard its patients' personal information from unauthorized access.

29. That Defendant failed to properly safeguard the Plaintiff and potential Class Members' personal information.

30. The Defendant failed to properly instruct, educate, or train its employees in cybersecurity.

31. Defendant, by nature of their business, required its patients to provide their personal and

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

medical information to them in exchange for services provided.

32. The Plaintiff and potential Class Members who were affected by the Data Breach had a reasonable expectation and understanding the Defendant would keep the information provided to the Defendant confidential and secure from unauthorized access.

33. Part of the data collected by the cybercriminals included health insurance information, banking information, addresses, and Social Security numbers of the Plaintiff and potential Class Members and such information is highly valuable to the cybercriminals who capitalized on Defendant's negligence.

34. The ongoing risk of injury to Plaintiff and potential Class Members by the cybercriminals is very high and has not been reasonably addressed by the Defendant.

35. Defendants are required by HIPAA (45 C.F.R. § 160.102) to comply with the HIPAA Privacy Rule and Security Rule, 45 C.F.R. Part 160 and Part 164, Subparts A and E ("Standards for Privacy of Individually Identifiable Health Information"), and Security Rule ("Security Standards for the Protection of Electronic Protected Health Information"), 45 C.F.R. Part 160 and Part 164, Subparts A and C.

36. HIPAA's Privacy Rule or Standards for Privacy of Individually Identifiable Health Information establishes national standards for the protection of health information.

37. HIPAA's Privacy Rule or Security Standards for the Protection of Electronic Protected Health Information establishes a national set of security standards for protecting health information that is kept or transferred in electronic form.

38. HIPAA requires Defendant to "comply with the applicable standards, implementation specifications, and requirements" of HIPAA "with respect to electronic protected health

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

information."[3]

39. "Electronic protected health information" is "individually identifiable health information … that is (i) transmitted by electronic media; maintained in electronic media."[4]

40. HIPAA's Security Rule requires Defendants to do the following:

    e.   Ensure the confidentiality, integrity, and availability of all electronic protected health information the covered entity or business associate creates, receives, maintains, or transmits;

    f.   Protect against any reasonably anticipated threats or hazards to the security or integrity of such information;

    g.   Protect against any reasonably anticipated uses or disclosures of such information that are not permitted; and

    h.   Ensure compliance by their workforce.

41. HIPAA also requires Defendant to "review and modify the security measures implemented … as needed to continue provision of reasonable and appropriate protection of electronic protected health information."[5]

42. HIPAA also requires Defendant to "[i]mplement technical policies and procedures for electronic information systems that maintain electronic protected health information to allow access only to those persons or software programs that have been granted access rights."[6]

43. The HIPAA Breach Notification Rule[7] also requires Defendant to provide notice of the

---

[3] 45 C.F.R. § 164.302
  [4] 45 C.F.R. § 160.103
  [5] 45 C.F.R. § 164.306(e)
  [6] 45 C.F.R. § 164.312(a)(1)

  [7] 45 C.F.R. §§ 164.400-414

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

Data Breach to each affected individual "without unreasonable delay and in no case later than 60 days following discovery of the breach."[8]

44. Defendants were also prohibited by the Federal Trade Commission Act (the "FTC Act") (15 U.S.C. § 45) from engaging in "unfair or deceptive acts or practices in or affecting commerce."

45. The Federal Trade Commission (the "FTC") concluded a company's failure to maintain reasonable and appropriate data security for consumers' sensitive personal information is an "unfair practice" in violation of the FTC Act.[9]

46. As detailed above, the Defendant has a duty to protect and safeguard Plaintiff's and potential Class Member's sensitive information and to handle any security/data breach in accordance with state and federal notification statutes.

47. Defendant owed a duty to Plaintiff and the potential Class Members to design, maintain, and test their computer and network systems to ascertain proper and adequate security measures were in place and the information they solicited from their clients was properly secured from any actual or potential threats.

48. The Defendant was on notice of the Data Breach on January 14, 2021 yet waited until May 17, 2021 to issue an announcement to its patients about the Data Breach, well outside of the sixty (60) day requirement, detailed above.

49. Defendant promised any breach, like the breach present here, will be disclosed no later

---

[8] Breach    Notification    Rule,    U.S.    Dep't    of    Health    &    Human    Services, https://www.hhs.gov/hipaa/for-professionals/breach-notification/index.html

[9] See, e.g., FTC v. Wyndham Worldwide Corp., 799 F.3d 236 (3d Cir. 2015).

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

than sixty (60) days after the discovery of the breach.[10]

## CLASS ACTION ALLEGATIONS

50. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

51. Plaintiff brings this action on behalf of herself and as a class action on behalf of others similarly situated, pursuant to Rule 23(a) of the South Carolina Rules of Civil Procedure on behalf of the following class:

> **All patients of CareSouth whose personal and medical information was compromised as a result of the Data Breach which occurred in December 2020.**

52. Plaintiff alternatively requests an additional Subclass as necessary based on the types of personal and/or medical information that was compromised.

53. Excluded from the Class and potential Subclass are Defendant, any entity in which the Defendant has a controlling interest, Defendant's officers, directors, legal representatives, successors, subsidiaries, and assigns. Also excluded from the Class are any judges, justices, or judicial officers presiding over this matter and members of their immediate families and judicial staff.

54. Plaintiff reserves the right to amend the above definitions or to propose alternative or additional Subclass(es) in subsequent pleadings and motions for class certification.

55. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

---

[10] CARESOUTH CAROLINA NOTICE OF PRIVACY PRACTICES (last accessed on August 9, 2021) - https://www.caresouth-carolina.com/privacy-policy

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

56. This action has been brought and may be properly maintained on behalf of the Class proposed herein under South Carolina Rule of Civil Procedure (23)(a).

### Numerosity: S.C.R.C.P. (a)(1)

57. The members of the Class are so numerous and geographically dispersed that individual joinder of all members is impracticable. Plaintiff is informed and believes there are thousands of members of the Class, the precise number being unknown for Plaintiff, but such number being ascertainable from Defendant's records. Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

### Commonality and Predominance: S.C.R.C.P. (a)(2)

58. This action involved common questions of law and fact, which predominate over any questions affecting individual members of the Class, including, without limitation:

      i.   Whether Defendant engaged in the wrongful conduct alleged herein;

      j.   Whether Defendant failed to adequately safeguard Plaintiff's and Class members' Personal and Medical Information;

      k.   Whether Defendant's systems, networks, and data security practices used to protect Plaintiff's and Class members' Personal and Medical Information violated the FTC Act, HIPAA, and/or state laws and/or Defendant's other duties discussed herein;

      l.   Whether Defendant owed a duty to Plaintiff and the Class to adequately protect their Personal and Medical Information, and whether they breached this duty;

      m. Whether Defendant knew or should have known their computer and

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

network security systems were vulnerable to a data breach;

n. Whether Defendant's conduct, including their failure to act, resulted in or was the proximate cause of the Data Breach;

o. Whether Defendant breached contractual duties to Plaintiff and the Class to use reasonable care in protecting their Personal and Medical Information;

p. Whether Defendant failed to adequately respond to the Data Breach, including failing to investigate it diligently and notify affected individuals in the most expedient time possible and without unreasonable delay, and whether this caused damages to Plaintiff and the Class;

q. Whether Defendant continue to breach duties to Plaintiff and the Class;

r. Whether Plaintiff and the Class suffered injury as a proximate result of Defendant's negligent actions or failures to act;

s. Whether Plaintiff and the Class are entitled to recover damages, equitable relief, and other relief;

t. Whether injunctive relief is appropriate and, if so, what injunctive relief is necessary to redress the imminent and currently ongoing harm faced by Plaintiff and members of the Class and the general public;

u. Whether Defendant's actions alleged herein constitute gross negligence; and

v. Whether Plaintiff and Class members are entitled to punitive damages.

### **Typicality: S.C.R.C.P. (a)(3)**

59. Plaintiff's claims are typical of the claims of other members of the Class because, among other things, all such members were similarly situated and were comparably injured through

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

Defendant's wrongful conduct as set forth herein.

### Adequacy & Superiority: S.C.R.C.P. (a)(4)

60. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class she seeks to represent. Plaintiff has retained counsel competent and highly experienced in complex class action litigation and Plaintiff is committed to vigorously prosecuting the action and has the financial resources to do so. The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel.

61. A class action is superior to other available means of fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by each individual Class member is relatively small in comparison to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct.

62. Even if Class members could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

63. The amount in controversy exceeds $100 per class member.

64. To the extent any described Class herein does not meet the requirements of Rule 23, Plaintiff seeks the certification of issues that will drive the litigation towards resolution.

65. Defendant has acted or refused to act on grounds generally applicable to Plaintiff and Class

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

Members, thereby making final injunctive relief and declaratory relief, as described herein, with respect to the members of the class as a whole.

## FOR A FIRST COLLECTIVE CAUSE OF ACTION
## NEGLIGENCE

### (Plaintiff and Other Members of the Class)

66. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

67. Plaintiff brings this count on behalf of herself and other members of the Class.

68. As a condition of their treatment by Defendant, Defendant's current and former patients were obligated to provide Defendant with types of personal and/or medical information, including their names, addresses, dates of birth, Social Security numbers, driver's license/state ID numbers, passport numbers, credit/debit card information, financial account information, (collectively, "personal identifiable information" or "PII"), and health insurance information. (collectively "personal health information" or "PHI").

69. As a condition of their treatment by Defendant, Defendant created PII and PHI for Defendant's current and former patients, including their MPI (patient identification) numbers, medical treatment/diagnosis information, medical record information, and health claims information.

70. Plaintiff and Class Members entrusted their PII and PHI to Defendant on the premise and with the understanding Defendant would safeguard their information, use their PII and PHI for business purposes only and/or not to disclose their PII and PHI to unauthorized third parties.

71. Defendant knew or reasonably should have known the failure to exercise due care in the collecting, storing, and using of its current and former patients' PII and PHI involved an unreasonable risk of harm to Plaintiff and Class Members, even if the harm occurred through the criminal acts of a third party.

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

72. Defendant had a duty to exercise reasonable care in safeguarding, securing and protecting such information from being compromised, lost, stolen, misused and/or disclosed to unauthorized parties. This duty includes, among other things, designing, maintaining and testing Defendant's security protocols to ensure Plaintiff's and Class Members' information in Defendant's possession was adequately secured and protected.

73. Defendant also had a duty to exercise appropriate practices to remove former patients' PII it was no longer required to retain pursuant to regulations.

74. Defendant also had a duty to have procedures in place to detect and prevent the improper access and misuse or Plaintiff's and Class Members' PII and PHI.

75. Defendant's duty to use reasonable security measures arose as result of the special relationship that existed between Defendant and Plaintiff and Class Members. That special relationship arose because Plaintiff and Class Members entrusted Defendant with their confidential PII and PHI, a necessary part of obtaining treatment from Defendant.

76. Defendant was subject to an "independent duty," untethered to any contract between Defendant and Plaintiff and Class Members.

77. A breach of security, unauthorized access, and resulting injury to Plaintiff and the Class Members was reasonably foreseeable, particularly when viewed through the prism of the Defendant's inadequate security practices.

78. Plaintiff and Class Members were foreseeable and likely victims of any inadequate security practices and procedures. Defendant knew or should have known of the inherent risks in collecting and storing the PII and PHI of Plaintiff and the Class, the critical importance of providing adequate security of that PII and PHI, and the necessity for encrypting PII and PHI stored on Defendant's systems.

15

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

79. Defendant's misconduct included, but was not limited to, its failure to take the steps and opportunities to prevent the Data Breach as set forth herein. Defendant's misconduct also included its decision to ignore industry standards for safekeeping of Plaintiff's and Class Members' PII.

80. Defendant's own conduct created a foreseeable risk of harm to Plaintiff and Class Members.

81. Plaintiff and Class Members had no ability to protect their PII and PHI that was in, and possibly remains in, Defendant's possession.

82. Defendant was in a position to protect against the harm suffered by Plaintiff and Class Members as a result of the Data Breach.

83. Defendant had and continues to have a duty to adequately disclose that the PII and PHI of Plaintiff and Class Members within Defendant's possession might have been compromised, how it was compromised, and precisely the types of data that were compromised and when. Such notice was necessary to allow Plaintiff and the Class Members to take steps to prevent, mitigate and repair any identity theft and the fraudulent use of their PII and PHI by third parties.

84. Defendant had a duty to employ proper procedures to prevent the unauthorized dissemination of the PII and/or PHI of Plaintiff and Class Members.

85. Defendant has admitted the PII and PHI of Plaintiff and Class Members was wrongfully lost and disclosed to unauthorized third persons due to the Data Breach.[11]

86. Defendant, through its actions and/or omissions, unlawfully breached its duties to Plaintiff and Class Members by failing to implement industry protocols and exercise reasonable care in protecting and safeguarding the PII and PHI of Plaintiff and Class Members during the time the

---

[11] https://www.caresouth-carolina.com/files/files/Notice%20of%20Data%20Breach.pdf  -  (last accessed on August 9, 2021)

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

PII and PHI was within Defendant's possession or control.

87. Defendant improperly and inadequately safeguarded the PII and PHI of Plaintiff and Class Members in deviation of standard industry rules, regulations, and practices at the time of the Data Breach.

88. Defendant failed to heed industry warnings and alerts to provide adequate safeguards to protect its current and former patients' PII and PHI in the face of increased risk of theft.[12]

89. Defendant through its actions and/or omissions unlawfully breached its duty to Plaintiff and Class Members by failing to have appropriate procedures in place to detect and prevent dissemination of its current and former patients' PII and PHI.

90. Defendant breached its duty to exercise appropriate clearinghouse practices by failing to remove former patients' PII and PHI after the regulatory retention period had expired.

91. Defendant, through its actions and/or omissions, unlawfully breached its duty to adequately and timely disclose to Plaintiff and Class Members the existence and scope of the Data Breach.

92. But for the Defendant's wrongful and negligent breach of duties owed to Plaintiff and Class Members, the PII and PHI of Plaintiff and Class Members would not have been compromised.

---

[12] "Ransomware Activity Targeting the Healthcare and Public Health Sector" (last accessed on August 9, 2021) - https://us-cert.cisa.gov/ncas/alerts/aa20-302a (showing that the CISA, FBI, and HHS assess malicious cyber actors are targeting the HPH Sector … often leading to ransomware attacks, data theft, and the disruption of healthcare services. These issues will be particularly challenging for organizations within the COVID-19 pandemic; therefore, administrators will need to balance this risk when determining their cybersecurity investments.) See Also: "Cyber Attacks: In the Healthcare Sector" (Last Accessed on August 9, 2021) - https://www.cisecurity.org/blog/cyber-attacks-in-the-healthcare-sector/ (The healthcare industry is plagued by a myriad of cybersecurity-related issues); "Increased Cyberattacks On Healthcare Institutions Shows The Need For Greater Cybersecurity" - https://www.forbes.com/sites/forbestechcouncil/2021/06/07/increased-cyberattacks-on-healthcare-institutions-shows-the-need-for-greater-cybersecurity/?sh=1b73b67f5650

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

93. There is a close causal connection between Defendant's failure to implement security measures to protect the PII and PHI of Plaintiffs and Class Members and the harm suffered or risk of imminent harm suffered by Plaintiff and the Class. Plaintiff's and Class Members' PII and PHI was lost and accessed as the proximate result of Defendant's failure to exercise reasonable care in safeguarding such PII and PHI by adopting, implementing, and maintaining appropriate security measures.

94. As a direct and proximate result of Defendant's negligence, Plaintiff and Class Members have suffered and will suffer injury including but not limited to:

    a.   actual identity theft;

    b.   the loss of the opportunity of how their PII and PHI is used;

    c.   the compromise, publication and/or theft of the PII and PHI;

    d.   out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud and/or unauthorized use of their PII and PHI;

    e.   lost opportunity costs associated with effort expanded and the lost productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach, including but not limited to efforts spent researching how to prevent, detect, contest, and recover from tax fraud and identity theft;

    f.   costs associated with placing freezes on credit reports;

    g.   the continued risk to their PII and PHI which remain in Defendant's possession is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the current and former patients' PII and PHI in its continued possession; and

    h.   future costs in terms of time, effort and money that will be expended to prevent,

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

detect, contest and repair the impact of the PII and PHI compromised as a result of the Data Breach for the remainder of the lives of the Plaintiff and Class Members.

95. As a direct and proximate result of Defendant's negligence, Plaintiff and Class Members have suffered and will continue to suffer other forms of injury and/or harm, including, but not limited to, anxiety, emotional distress, loss of privacy and other economic and non-economic losses.

96. As a direct and proximate result of Defendant's negligence, Plaintiff and Class Members have suffered and will suffer the continued risks of exposure of their PII and PHI, which remain in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the PII and PHI in their continued possession.

97. That Plaintiff is thereby entitled to recover actual, compensatory, punitive damages, and attorneys' fees and any other relief this court deems appropriate.

## FOR A SECOND COLLECTIVE CAUSE OF ACTION
## WRONGFUL INTRUSION/INVASION OF PRIVACY

### (Plaintiff and Other Members of the Class)

98. That Plaintiff re-alleges and reasserts each and every allegation set forth above as if herein verbatim.

99. Plaintiff brings this count on behalf of herself and on before the Class.

100. Plaintiff and Class Members had a legitimate expectation of privacy to their PII and PHI and were entitled to the protection of this information against disclosure to unauthorized third parties.

101. Defendant owed a duty to its current and former patients, including Plaintiff and Class

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

Members to keep their PII and PHI contained as part therefor, confidential.

102.   Defendant failed to protect and released to unknown and unauthorized third parties the PII and/or PHI of Plaintiffs and Class Members.

103.   Defendant allowed unauthorized and unknown third parties access to and examination of the PII and/or PHI of Plaintiff and Class Members, by way of Defendant's failure to protect the PII and PHI.

104.   The unauthorized release to, custody of, and examination by unauthorized third parties of the PII and/or PHI of Plaintiff and Class Members is highly offensive to a reasonable person.

105.   The intrusion was into a place or thing, which was private and is entitled to be private. Plaintiff and Class Members disclosed their PII and PHI to Defendant, or allowed Defendant to create their PII and PHI, as part of their treatment by Defendant, but privately with an intention that the PII and PHI, as part of their treatment by Defendant, but privately with an intention that the PII and PHI would be kept confidential and would be protected from unauthorized disclosure.

106.   Plaintiff and Class Members were reasonable in their belief such information would be kept private and would not be disclosed without their authorization.

107.   The Data Breach constitutes an intentional interference with Plaintiff and Class Members' interest in solitude or seclusion, either as to their persons or as to their private affairs or concerns, of a kind that would be highly offensive to a reasonable person.

108.   Defendant acted with a knowing state of mind when it permitted the Data Breach to occur because it was with actual knowledge that its information security practices were inadequate and insufficient.

109.   Because Defendant acted with this knowing state of mind, it had notice and knew the inadequate and insufficient information security practices would cause injury and harm to Plaintiff

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

and the other Class Members.

110.  As a proximate result of the above acts and omissions of Defendant, the PII and PHI of Plaintiff and Class Members was disclosed to third parties without authorization, causing Plaintiff and Class Members to suffer damages.

111.  Unless and until enjoined and restrained by Order of this Court, Defendant's wrongful conduct will continue to cause great and irreparable injury to Plaintiff and Class Members in that the PII and PHI maintained by Defendant can be viewed, distributed and used by unauthorized persons for years to come. Plaintiff and Class Members have no adequate remedy at law for the injuries in that judgment for monetary damages will not end the invasion of privacy for Plaintiff and the Class.

112.  That these violations entitle Plaintiff to recover damages based on the diminution in the fair-market rental value of the dwelling unit, actual damages, compensatory damages, punitive damages and reasonable attorney's fees.

### FOR A THIRD COLLECTIVE CAUSE OF ACTION
### BREACH OF EXPRESS CONTRACT

#### (Plaintiff and Other Members of the Class)

113.  That Plaintiff re-alleges and reasserts each and every allegation set forth above as if herein verbatim.

114.  Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

115.  Plaintiff brings this count on behalf of herself and the other members of the Class.

116.  Plaintiff and members of the Class were the direct or third-party beneficiaries of valid and enforceable express contracts with Defendant (including, inter-alia, CareSouth's own "Notice of Privacy Practices").

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

117. Under the Notice of Privacy Practices, the Defendant is,

> "required to provide patient notification if it discovers a breach of unsecured PHI unless there is a demonstration, based on a risk assessment, that there is a low probability that the PHI has been compromised. **You will be notified without reasonable delay and no later than 60 days after discovery of the breach**. Such notification will include information about what happened and what can be done to mitigate any harm."[13]

118. The valid and enforceable express contracts that Plaintiff and Class Members entered into with Defendant include Defendant's promise to protect PII and PHI given to Defendant's and otherwise maintained and secured by Defendant.

119. Under these express contracts, Defendant promised and was obligated to protect Plaintiff's and the Class Members' PII and PHI. In exchange, Plaintiff and Class Members agreed to pay money for these services.

120. The protection of Plaintiff's and Class Members' PII and PHI were material aspects of these contracts.

121. Defendant's express representations, including, but not limited to, express representations found in its Notice of Privacy Practices, formed an express contract requiring Defendant to implement data security adequate to safeguard and protect the privacy of Plaintiff's and Class Members' PII and PHI.

122. Consumers of healthcare services value their privacy, the privacy of their dependents, and the ability to keep their PII and PHI associated with their healthcare and finances private.

123. To customers such as Plaintiff and Class Members, maintenance and security of PII and PHI that does not adhere to industry standard data security protocols to protect private information

---

[13] CARESOUTH CAROLINA NOTICE OF PRIVACY PRACTICES (last accessed on August 9, 2021) - https://www.caresouth-carolina.com/privacy-policy. at "Notice of Breach" section

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

is fundamentally less useful and less valuable than such services that adhere to industry-standard data security.

124.  Plaintiff and Class Members would not have given Defendant their PII and PHI and otherwise entered into these contracts with Defendant without an understanding that their PII and PHI would be safeguarded and protected.

125.  A meeting of the minds occurred, as Plaintiff and Class Members provided their PII and PHI to Defendant, and expected protection of their PII and PHI.

126.  Plaintiff and Class Members performed their obligations under the contract, including when they paid for services provided by Defendant.

127.  Defendant materially breached its contractual obligation to protect Plaintiff and Class Members PII and PHI data when the information was accessed or exfiltrated by unauthorized individuals as part of the Data Breach.

128.  Defendant materially breached the terms of these express contracts, including, but not limited to, the terms stated in the Notice of Privacy Practices.

129.  Defendant did not maintain the privacy of Plaintiff's and Class Members' PII and PHI nor did Defendant timely notify Plaintiff and Class Members that their PII and PHI was acquired as part of the Data Breach.

130.  Defendant did not comply with industry standard, or otherwise protect Plaintiff's and Class Members' PII and PHI, as set forth above.

131.  The Data Breach was a reasonably foreseeable consequence of Defendant's actions in breach of these contracts.

132.  As the result of Defendant's failure to fulfill the data security protections promised in these contracts, Plaintiff and Class Members did not receive the full benefit of the bargain, and

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

instead received services that were of a diminished value to that described in the contracts.

133.  Plaintiff and Class Members therefore were damaged in an amount at least equal to the difference in the value of the services with data security protection they paid for and the services they received or provided.

134.  Had Defendant disclosed its security was inadequate or that it did not adhere to industry-standard security measures the Plaintiff, Class Members, or any reasonable person would not have accepted or purchased services from Defendant and/or their Clients which required providing PII and PHI.

135.  As a direct and proximate result of the Data Breach, Plaintiff and Class Members have been harmed and have suffered, and will continue to suffer, actual damages and injuries, including without limitation the release, disclosure, and publication of their PII and PHI, the loss of control of their PII and PHI the imminent risk of suffering additional damages in the future, out-of-pocket expenses, and the loss of the benefit of the bargain they had struck with Defendant

136.  That Plaintiff is thereby entitled to recover actual, compensatory, punitive damages, and attorneys' fees.

### FOR A FOURTH COLLECTIVE CAUSE OF ACTION
### Breach of Implied Contract

### (Plaintiff and Other Members of the Class)

137.  That Plaintiff re-alleges and reasserts each and every allegation set forth above as if herein verbatim.

138.  Plaintiff brings this count on behalf of herself and the other members of the Class.

139.  Defendant required Plaintiff and Class Members to provide their personal information, including names, addresses, dates of birth, Social Security numbers, driver's license/state ID

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

numbers, passport numbers, credit/debit card information, financial account information, health insurance information and other personal information as a condition of their treatment.

140.  As a condition of Plaintiff's and Class Members' medical treatment by Defendant, they provided their personal information to Defendant and Defendant created additional information about Plaintiff, including MPI numbers, medical treatment/diagnosis information, medical record information, and health claims information. In so doing, Plaintiff and Class Members entered into an implied contract with Defendant by which Defendant agreed to safeguard and protect such information, to keep such information secure and confidential, and to timely and accurately notify Plaintiff and Class Members if their data had been breached, compromised or stolen.

141.  Plaintiff and Class Members fully performed their obligations under the implied contacts with Defendant.

142.  Defendant breached the implied contracts it made with Plaintiff and Class Members by failing to safeguard and protect their personal information and by failing to provide timely and accurate notice to them that personal information was compromised as a result of the data breach.

143.  As a direct and proximate result of Defendant's breach of implied contract, Plaintiff and Class Members have suffered (and will continue to suffer) ongoing, imminent and impending threat of identity theft crimes, fraud and abuse, resulting in monetary loss and economic harm; actual identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; loss of the confidentiality of the stolen confidential data; the illegal sale of the compromised data on the dark web; expenses and/or time spent on credit monitoring and identity theft insurance; time spent scrutinizing bank statements, credit card statements, and credit reports; expenses and/or time spent initiating fraud alerts, decreased credit scores and rating; lost work time; and other economic and non-economic harm.

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

## FOR A FIFTH COLLECTIVE CAUSE OF ACTION
## BREACH OF S.C. CODE § 39-1-90

### (Plaintiff and Other Members of the Class)

144.  That Plaintiff re-alleges and reasserts each and every allegation set forth above as if herein verbatim.

145.  Plaintiff brings this count on behalf of herself and on behalf of the Class.

146.  In pertinent part, S.C. Code § 39-1-90 provides:

> A person conducting business in this State, and owning or licensing computerized data or other data that includes personal identifying information, shall disclose a breach of the security of the system following discovery or notification of the breach in the security of the data to a resident of this State whose personal identifying information that was not rendered unusable through encryption , redaction, or other methods was, or is reasonably believed to have been, acquired by an unauthorized person when the illegal use of the information has occurred or is reasonably likely to occur or use of the information creates a material risk of harm to the resident. The disclosures must be made in the most expedient time possible and without unreasonable delay . . .

147.  That the South Carolina Code defines "Personal identifying information" means the first name or first initial and last name in combination with and linked to any one or more of the following data elements that relate to a resident of this State, when the data elements are neither encrypted nor redacted:[14]

(a)  social security number;[15]

(b)  driver's license number or state identification card number issued instead

---

[14] South Carolina Code § 39-1-90(D)(3)
[15] South Carolina Code § 39-1-90(D)(3)(a)

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

of a driver's license;[16]

    (c) financial account number, or credit card or debit card number in combination with any required security code, access code, or password that would permit access to a resident's financial account; or[17]

    (d) other numbers or information which may be used to access a person's financial accounts or numbers or information issued by a governmental or regulatory entity that uniquely will identify an individual.[18]

148. Defendant owns, licenses and/or maintains computerized data that includes Plaintiff's and Class Members' PII and PHI.

149. Defendant's conduct, as alleged above, violated the data breach statute of South Carolina, S.C. Code § 39-1-90.

150. Defendant was required, but failed, to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the cyber security incident described herein

151. The Data Breach constituted a "breach of the security system" within the meaning of § 39-1-90.

152. The information compromised in the Data Breach constituted "personal identifying information" within the meaning of § 39-1-90.

153. Defendant violated § 39-1-90 by unreasonably delaying disclosure of the Data Breach to Plaintiff and Class Members, whose personal identifying information was, or reasonably believed to have been, acquired by an unauthorized person.

---

[16] South Carolina Code § 39-1-90(D)(3)(b)
[17] South Carolina Code § 39-1-90(D)(3)(c)
[18] South Carolina Code § 39-1-90(D)(3)(d)

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

154. As a result of Defendant's violation of S.C. Code § 39-1-90, Plaintiff and Class Members incurred damages as alleged herein.

155. Plaintiff, individually and on behalf of the Class, seeks all remedies available under S.C. Code § 39-1-90, including, but not limited to:

    i.     actual damages suffered by Class Members as alleged above;

    j.     statutory damages for Defendant's willful, intentional, and/or reckless conduct;

    k.     equitable relief; and

    l.     reasonable attorneys' fees and costs.

### FOR A SIXTH COLLECTIVE CAUSE OF ACTION
### UNJUST ENRICHMENT

#### (Plaintiff and Other Members of the Class)

156. Plaintiff incorporates by reference, all preceding allegations as though fully set forth herein.

157. Plaintiff brings this action on behalf of herself and on behalf of the Class.

158. Plaintiff and other Class Members conferred a monetary benefit on Defendant. Specifically, Plaintiff and other Class Members paid for services which, in turn, pay Defendant for administrative, clinical, and business services and provided and entrusted their PII and PHI to Defendant.

159. In exchange, Plaintiff and other Class Members should have received from Defendant their expected goods and services, such as the security of their PII and should have been entitled to have Defendant protect their PII with adequate data security and timely notice of the Data Breach.

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

160. Defendant appreciated, accepted, and retained the benefit bestowed upon it under inequitable and unjust circumstances arising from Defendant's conduct toward Plaintiff and Class Members, Plaintiff and Class Members conferred a benefit on Defendant and Defendant accepted or retained that benefit.

161. Defendant failed to secure Plaintiff's and Class Members' PII and PHI and therefore did not provide full compensation for the monetary benefit Plaintiffs and Class Members conferred on Defendant.

162. Defendant acquired the PII and PHI through inequitable means in that they failed to disclose  the inadequate security practices.

163. Had Plaintiff and Class Members known that Defendant would not secure their PII and PHI using adequate security, they would not have chosen to receive care from Defendant.

164. Plaintiff and Class Members have no adequate remedy at law.
Under these circumstances, it would be unjust for Defendant to be permitted to retain any of the benefits that Plaintiff and Class members conferred on it.

165. Under the principles of equity and good conscience, Defendant should not be permitted to retain the money belonging to Plaintiff and the Class.

166. That upon information and belief, Plaintiff is entitled to judgment against the Defendants for actual, compensatory, and exemplary or punitive damages for their personal injuries and property damages set forth herein in an amount that is fair, just, and reasonable under the circumstances, plus whatever costs, interest, and attorney fees that they may be entitled, to be determined by a jury.

**FOR A SEVENTH COLLECTIVE CAUSE OF ACTION**
**BREACH OF FIDUCIARY DUTY**

**(Plaintiff and Other Members of the Class)**

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

167. Plaintiff incorporates by reference, all preceding allegations as though fully set forth herein.

168. A fiduciary relationship exists between each and every patient of the Defendant as each and every patient reposed a special trust and confidence in the Defendant to protect their confidential patient information.

169. Defendant owed a fiduciary duty of care, loyalty, and good faith to Plaintiff and the Class by virtue of HIPAA, industry standards, common law, state statutory law, and their own promises to safeguard its patients' personal information from unauthorized access.

170. Defendant owed fiduciary duties of care, good faith, honesty, and loyalty, to Plaintiff and the Class, which include, without limitation: the duty to safeguard its patients' personal information from unauthorized access; the duty to properly instruct, educate, or train its employees in cybersecurity; the duty to comply with HIPAA's Privacy and Security Rules; the duty to disclose data breaches no later than sixty (60) days after the discovery of the breach.

171. Defendant breached its fiduciary duties to Plaintiff and the Class by failing to safeguard its patients' personal information from unauthorized access, which ultimately led to the December 3, 2020 Data Breach.

172. Defendant further breached their fiduciary duties to Plaintiff and the Class by failing to notify Plaintiff and the class of the Data Breach (which they were on notice of on January 14, 2021) until May 17, 2021, well outside of the sixty (60) day requirement, detailed above.

173. As a direct and proximate result of Defendant's conduct, Plaintiff and the Class have been injured and sustained damages.

## **PRAYER FOR RELIEF**

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

174. **WHEREFORE**, Plaintiff, on behalf of herself and on behalf of other members of the Class, prays for judgment in their favor and against Defendant as follows:

A. Certifying the Class as proposed herein, designating Plaintiff as the Class representative and appointing undersigned counsel as Class Counsel;

B. Declaring Defendant is financially responsible for notifying the Class members of the pendency of this action;

C. For equitable relief enjoining Defendant from engaging in the wrong conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and the Class Members' PII and PHI, and from refusing to issue prompt, complete and accurate disclosures to Plaintiff and the Class Members;

D. For an award of damages, including actual, nominal, consequential damages, and punitive damages as allowed by law in an amount to be determined;

E.  Scheduling a trial by jury in this action;

F. Awarding Plaintiff's reasonable attorneys' fees, costs and expenses, as permitted by law;

G. Awarding pre and post-judgment interest on any amounts awarded, as permitted by law; and

H. Awarding such other and further relief as may be just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands that this case be tried by a jury on all counts.


**ANASTOPOULO LAW FIRM, LLC**

ELECTRONICALLY FILED - 2021 Nov 09 12:14 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

/s/ Blake G. Abbott
Blake G. Abbott, Esquire
S.C. Bar No.: 104423
Eric M. Poulin, Esquire
S.C. Bar. No.: 100209
Roy T. Willey, Esquire
S.C. Bar.: 101010
Paul Doolittle, Esquire
S.C. Bar No.: 66490
32 Ann Street
Charleston, SC 29403
Tel: (843) 614 -8888
Fax: (843) 853-2291
Email: blake@akimlawfirm.com
         eric@akimlawfirm.com
         roy@akimlawfirm.com
         pauld@akimlawfirm.com

This 9th day of November, 2021

****** IMPORTANT NOTICE - READ THIS INFORMATION *****
## NOTICE OF ELECTRONIC FILING [NEF]
–

**A filing has been submitted to the court RE:** 2021CP1600887

| | |
|---|---|
| **Official File Stamp:** | 11-30-2021 01:04:28 PM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Darlington |
| **Case Caption:** | Summer Mixon VS Caresouth Carolina Inc |
| **Document(s) Submitted:** | Service/Certificate Of Service |
| **Filed by or on behalf of:** | Blake Garrett Abbott |

This notice was automatically generated by the Court's auto-notification system.
–

**The following people were served electronically:**

Eric Marc Poulin for Summer Mixon

Roy T. Willey, IV for Summer Mixon

Paul J. Doolittle for Summer Mixon

Blake Garrett Abbott for Summer Mixon

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Caresouth Carolina Inc

ELECTRONICALLY FILED - 2021 Nov 30 1:59 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

ELECTRONICALLY FILED - 2021 Nov 30 1:59 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

# Certificate of Electronic Notification

| Recipients | |
|---|---|
| **Roy Willey** | - Notification transmitted on 11-30-2021 01:04:45 PM. |
| **Paul Doolittle** | - Notification transmitted on 11-30-2021 01:04:45 PM. |
| **Blake Abbott** | - Notification transmitted on 11-30-2021 01:04:44 PM. |
| **Eric Poulin** | - Notification transmitted on 11-30-2021 01:04:45 PM. |

ELECTRONICALLY FILED - 2022 Jan 06 9:40 AM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>  )<br>COUNTY OF DARLINGTON )<br>  )<br>SUMMER MIXON, individually, and on )<br>behalf of all others similarly situated, )<br>  )<br>          Plaintiff, )<br>    vs. )<br>  )<br>CARESOUTH CAROLINA, INC. )<br>  )<br>          Defendant. )<br>——————————————————————) | IN THE COURT OF COMMON PLEAS<br>FOR THE FOURTH JUDICIAL CIRCUIT<br>Case No. 2021CP1600887<br><br><br><br>**MOTION FOR ENTRY OF<br>DEFAULT** |

Plaintiff moves before this court for entry of default judgment against Defendant pursuant to Rule 55(a) and (b) of the South Carolina Rules of Civil Procedure and for a hearing to be set to determine damages.

Plaintiff served Defendants with the Summons and Complaint via Certified Mail to its Registered Agent on November 16, 2021. Proof of Service is attached hereto as **Exhibit A.**

As no Answer or pleading has been filed by Defendant during the time allowed, Defendant should be held in default. Plaintiff attaches an Affidavit of Default, Affidavit of Non-Military Service, and Certificate of Service. Plaintiff moves for an Entry Default pursuant to R. 55(a), as Defendant has failed to plead or otherwise defend as provided by the South Carolina Rules of Civil Procedure, and the fact is made to appear by Affidavit. As the matter is not one of liquidated damages, Plaintiff seeks a hearing pursuant to R. 55(b)(2), SCRCP to determine the amount of damages.

In support of this request, Plaintiff relies upon Affidavit of Service, Affidavit of Default, and Affidavit of Non-Military Status attached hereto, and memorandum of law that may be submitted prior to hearing of the matter and oral arguments.

**ANASTOPOULO LAW FIRM, LLC**

_/s/ Paul Doolittle_
Paul Doolittle, Esquire
S.C. Bar No.: 66490
Blake G. Abbott, Esquire
S.C. Bar No.: 104423
Eric M. Poulin, Esquire
S.C. Bar. No.: 100209
Roy T. Willey, Esquire
S.C. Bar No.: 101010
32 Ann Street
Charleston, SC 29403
Tel: (843) 614 -8888
Fax: (843) 853-2291
Email: blake@akimlawfirm.com
        eric@akimlawfirm.com
        roy@akimlawfirm.com
        pauld@akimlawfirm.com

This 3rd day of January, 2022

ELECTRONICALLY FILED - 2022 Jan 06 9:40 AM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served the foregoing Motion For Entry of Default upon all counsel of record by affixing via FedEx Mail addressed to the parties and counsel's mailing address on file on 3rd day of January, 2022.

ANASTOPOULO LAW FIRM, LLC


By: <u>/s/ Ralph J. D'Agostino III</u>
     Ralph J. D'Agostino III
     32 Ann Street
     Charleston, SC 29403
     Tel:  843-614-8888
     Fax: 843-494-5536
     Email: ralph.dagostino@akimlawfirm.com


January 3, 2022

ELECTRONICALLY FILED - 2022 Jan 06 9:40 AM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

ELECTRONICALLY FILED - 2022 Jan 06 9:40 AM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

| | |
|---|---|
| **STATE OF SOUTH CAROLINA**    ) | **IN THE COURT OF COMMON PLEAS** |
| ) | **FOR THE FOURTH JUDICIAL CIRCUIT** |
| **COUNTY OF DARLINGTON**    ) | Case No. 2021CP1600887 |
| ) | |
| SUMMER MIXON, individually, and on ) | |
| behalf of all others similarly situated, ) | |
| ) | |
| Plaintiff, ) | **AFFIDAVIT OF DEFAULT** |
| vs.           ) | **AND OF NON-MILITARY** |
| ) | **SERVICE** |
| CARESOUTH CAROLINA, INC. ) | |
| ) | |
| Defendant. ) | |
| _____) | |

1. PERSONALLY appeared before me Paul Doolittle, being sworn, deposes and says that:

2. He is the attorney for the Plaintiff in the above-captioned action.

3. The Defendant CareSouth Carolina, Inc. ("CareSouth") was served with a copy of the Summons and Notice, and Complaint of Plaintiff on November 16, 2021, as evidenced by **Exhibit A**.

4. More than forty-five (45) days have elapsed since the service of said Summons and Notice, and Complaint of Plaintiff.

5. The Defendant has served no Answer, Motion or Notice of Appearance or other pleading in this matter, and therefore is in default.

6. CareSouth Carolina is a corporation and therefore could not be in the Military Service of the United States as contemplated by the Service Members Civil Relief Act.

**ANASTOPOULO LAW FIRM, LLC**

*/s/ Paul Doolittle*
Paul Doolittle, Esquire
S.C. Bar No.: 66490

Blake G. Abbott, Esquire
S.C. Bar No.: 104423
Eric M. Poulin, Esquire
S.C. Bar. No.: 100209
Roy T. Willey, Esquire
S.C. Bar No.: 101010
32 Ann Street
Charleston, SC 29403
Tel: (843) 614 -8888
Fax: (843) 853-2291
Email: blake@akimlawfirm.com
       eric@akimlawfirm.com
       roy@akimlawfirm.com
       pauld@akimlawfirm.com

This 3rd day of January, 2022

ELECTRONICALLY FILED - 2022 Jan 06 9:40 AM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

ELECTRONICALLY FILED - 2022 Jan 06 9:40 AM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

## CERTIFICATE OF SERVICE

I certify that I served the foregoing Motion For Entry of Default upon all counsel of record by affixing via FedEx Mail addressed to the parties and counsel's mailing address on file on 3rd day of January, 2022.

ANASTOPOULO LAW FIRM, LLC

By: /s/ Ralph J. D'Agostino III
Ralph J. D'Agostino III
32 Ann Street
Charleston, SC 29403
Tel:  843-614-8888
Fax: 843-494-5536
Email: ralph.dagostino@akimlawfirm.com

January 3, 2022

**FedEx**

November 29, 2021

Dear Customer,

The following is the proof-of-delivery for tracking number: 775216958388

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Receptionist/Front Desk |
| Signed for by: | D.CAIN | Delivery Location: | |
| Service type: | FedEx Standard Overnight | | |
| Special Handling: | Deliver Weekday | | HARTSVILLE, SC, |
| | | Delivery date: | Nov 16, 2021 16:33 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 775216958388 | Ship Date: | Nov 15, 2021 |
| | | Weight: | 1.0 LB/0.45 KG |

| | | |
|---|---|---|
| **Recipient:** | | **Shipper:** |
| HARTSVILLE, SC, US, | | CHARLESTON, SC, US, |

Signature image is available. In order to view image and detailed information, the shipper or payor account number of the shipment must be provided.

Thank you for choosing FedEx

ELECTRONICALLY FILED - 2022 Jan 06 9:40 AM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

ELECTRONICALLY FILED - 2022 Jan 06 2:29 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2021CP1600887

**Official File Stamp:**                          01-06-2022 09:40:49 AM

**Court:**                                        CIRCUIT COURT

                                                  Common Pleas

                                                  Darlington

**Case Caption:**                                 Summer Mixon VS Caresouth Carolina Inc

**Document(s) Submitted:**                        Affidavit/Attorney

                                                  Motion/Default Judgment

                                                    - Exhibit/Filing of Exhibits

**Filed by or on behalf of:**                     Paul J. Doolittle

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

                                                  Eric Marc Poulin for Summer Mixon

                                                  Roy T. Willey, IV for Summer Mixon

                                                  Paul J. Doolittle for Summer Mixon

                                                  Blake Garrett Abbott for Summer Mixon

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

                                                  Caresouth Carolina Inc

# Certificate of Electronic Notification

## Recipients

**Roy Willey** - Notification transmitted on 01-06-2022 09:43:32 AM.

**Paul Doolittle** - Notification transmitted on 01-06-2022 09:43:32 AM.

**Blake Abbott** - Notification transmitted on 01-06-2022 09:43:32 AM.

**Eric Poulin** - Notification transmitted on 01-06-2022 09:43:32 AM.

ELECTRONICALLY FILED - 2022 Jan 06 2:29 PM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

**STATE OF SOUTH CAROLINA**    )    **IN THE COURT OF COMMON PLEAS**

                        )    **FOR THE FOURTH JUDICIAL CIRCUIT**

**COUNTY OF DARLINGTON**    )

                        )    Case No. 2021CP1600887

SUMMER MIXON, individually, and on    )

behalf of all other others similarly situated,    )

                        )

          Plaintiff,    )

                        )

          v.    )

                        )

CARESOUTH CAROLINA, INC.,    )

                        )

          Defendant.    )

FILED

SCOTT B. SUGGS
CLERK OF COURT/R.O.D.
DARLINGTON COUNTY, S.C.
2022 JAN 20 A 11: 41

## NOTICE TO STATE COURT PURSUANT 42 U.S.C. § 233(*l*)(1)

**PLEASE TAKE NOTICE** that, pursuant to 42 U.S.C. § 233(*l*)(1), the United States Attorney for the District of South Carolina hereby advises this Court that whether defendant CareSouth Carolina, Inc. is deemed to be an employee of the Public Health Service for purposes of 42 U.S.C. § 233 with respect to the actions or omissions that are the subject of the above-captioned action, is under consideration.

The United States Attorney for the District of South Carolina first was notified of this action on January 13, 2022, despite the applicable statutes and regulations requiring that CareSouth first notify the United States Department of Health and Human Services (HHS) of the pending action. Upon information and belief, HHS was first notified of this action on January 13, 2022. As a result, the decision whether the United States of America will intervene is under consideration.

*SIGNATURE PAGE ATTACHED*

Respectfully submitted,

COREY F. ELLIS
UNITED STATES ATTORNEY

By:   *s/ Jennifer L. Mallory*
      Jennifer L. Mallory (#7435)
      Assistant United States Attorney
      1441 Main Street, Suite 500
      Columbia, South Carolina  29201
      Phone:   (803) 929-3102
      Email:   jennifer.rawl@usdoj.gov

January 19, 2022

2

STATE OF SOUTH CAROLINA     )     IN THE COURT OF COMMON PLEAS

COUNTY OF DARLINGTON     )     FOR THE FOURTH JUDICIAL CIRCUIT

     )     Case No. 2021CP1600887

SUMMER MIXON, individually, and on     )
behalf of all other others similarly situated,     )

     )

     Plaintiff,     )

     )

     v.     )

     )

CARESOUTH CAROLINA, INC.,     )

     Defendant.     )

     )

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the Office of the United States Attorney for the

District of South Carolina and I am a person of such age and discretion as to be competent to serve

papers. On January 19, 2022, I served copies of the attached

### NOTICE TO STATE COURT PURSUANT TO 42 U.S.C. § 233(*l*)(1)

via email and U.S. mail to:

Denise Ellis, PHR     Paul J. Doolittle, Blake Abbott, Eric Poulin, Roy Willey, IV,
Chief Personnel Officer     Anastopoulo Law Firm
CareSouth Carolina, Inc     32 Ann Street
201 South Fifth Street     Charleston, SC 29403
P.O. Box 1090     Email: pauld@akimlawfirm.com
Hartsville, SC 29551
Email: Denise.Ellis@caresouth-carolina.com

and via Federal Express to:

Darlington County Clerk of Court
Attn: Sharon Howle
1 Public Square Room 404
Darlington, SC 29532

*s/ Amber Boco*
Amber Boco, Legal Assistant to
AUSA Jennifer L. Mallory

January 19, 2022

# Certificate of Electronic Notification

| Recipients | |
|---|---|
| **Roy Willey** | - Notification transmitted on 01-25-2022 04:04:32 PM. |
| **Paul Doolittle** | - Notification transmitted on 01-25-2022 04:04:31 PM. |
| **Blake Abbott** | - Notification transmitted on 01-25-2022 04:04:31 PM. |
| **Eric Poulin** | - Notification transmitted on 01-25-2022 04:04:32 PM. |

ELECTRONICALLY FILED - 2022 Jan 26 9:14 AM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887

****** IMPORTANT NOTICE - READ THIS INFORMATION *****
NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2021CP1600887

**Official File Stamp:**                     01-25-2022 04:04:24 PM

**Court:**                                   CIRCUIT COURT

                                             Common Pleas

                                             Darlington

**Case Caption:**                            Summer Mixon VS Caresouth Carolina Inc

**Event(s):**

Order/Order Cover Sheet $25.00

**Document(s) Submitted:**                   Proposed Order/Entry of Default

**Filed by or on behalf of:**                Blake Garrett Abbott

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

                                             Eric Marc Poulin for Summer Mixon

                                             Roy T. Willey, IV for Summer Mixon

                                             Paul J. Doolittle for Summer Mixon

                                             Blake Garrett Abbott for Summer Mixon

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

                                             Caresouth Carolina Inc

ELECTRONICALLY FILED - 2022 Jan 26 9:14 AM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600887