IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

CIVIL ACTION NO: 4:22-CV-00269-RBH

| | |
|---|---|
| **SUMMER MIXON, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**CARESOUTH CAROLINA, INC.,**<br><br>Defendant. | **NOTICE TO SUPPLEMENT REMOVAL PETITION**<br>(State Court Order at Time of Removal) |

Defendant CareSouth Carolina, Inc. (CareSouth), by and through the undersigned counsel, hereby supplements the records (ECF No. 1-1) attached to its removal petition (ECF No. 1) with an Order of Default entered in the underlying state court action on January 28, 2022, hours before its removal. CareSouth's counsel did not learn of the order until after removal.

Notwithstanding the default order, this Court has (and retains) removal jurisdiction because the state court had ample jurisdiction to set its order aside at the time of removal. *E.g.*, *Taylor v. Gilliam*, No. CIV. 13-2947 KMW/NLH, 2013 WL 6253654 (D.N.J. Dec. 4, 2013) (setting aside state court default against deemed Public Health Service defendant following removal and substitution of the United States). Indeed, 42 U.S.C. § 233(*l*) was enacted, in part, to protect deemed Public Health Service defendants (such as CareSouth) against the risk of default judgments while waiting for the Attorney General to defend (or refuse to defend) an action. *See* H.R. Rep. 104-398, 104th Cong., 1st Sess. 1995, 1995 U.S.C.C.A.N. 767, 1995 WL 744796 (amending the FSHCAA of 1992 by, among other things, imposing a nondiscretionary duty on Attorney General to appear and remove actions against deemed defendants to protect them against the risk of default judgments).

A motion to set aside the default (for which there are ample grounds) is beyond the ambit of, or secondary to, the determination required by 42 U.S.C. § 233(*l*)(2)—i.e., "whether to remand the case or to substitute the United States as a party," *Estate of Campbell v. S. Jersey Med. Ctr.*, No. 16-4407, 2018 WL 2026965, at *2 (3d Cir. May 1, 2018)—and thus subject to the provision's automatic stay.[1]

Dated: February 1, 2022

Respectfully submitted,

TURNER PADGET GRAHAM AND LANEY P.A.

/s/ J. Rene' Josey
Arthur E. Justice, (Federal Court ID #2261)
J. Rene' Josey, (Federal Court ID #1004)
1831 W. Evans Street
Suite 400
Florence, SC  29501
Tel: 843.656.4412
ajustice@turnerpadget.com
Tel: 843.656.4451
jjosey@turnerpadget.com

and

FELDESMAN TUCKER LEIFER FIDELL LLP
Matthew S. Freedus*
1129 20th Street, N.W., 4th Floor
Washington, DC 20036
Tel: 202.466.8960
mfreedus@ftlf.com

*Attorneys for Defendant CareSouth Carolina, Inc.*

*A motion for *pro hac* admission will be filed promptly

---

[1] The present Defendant nevertheless has such a motion (to set aside default) ready if the Court directs the same to be filed.